**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Torshare LTD., <br><br> Plaintiff, <br><br> v. <br><br> CAION COMPANY CORPORATION a/k/a GLLUSA; and DOES 1-10, <br><br> Defendants. | Civil Action no. <br><br><br> **Plaintiff's Complaint And Demand For Jury Trial** |

## INTRODUCTION

1. Plaintiff TORSHARE LTD. ("Plaintiff"), by and through the undersigned counsel, hereby brings this action against Defendants CAION COMPANY CORPORATION a/k/a GLLUSA, and DOES 1-10 (collectively referred hereto as "Defendants"), inclusive, and alleges as follows based upon personal knowledge, information, and belief.

2. This action arises from Defendants' failure to pay for goods received, whereby Plaintiff now seeks recovery of damages as a result of Defendants' failure and continued refusal to tender payments.

3. As set forth below, the parties entered into a number of purchase and sale contracts. Plaintiff has performed all its obligations by shipping the goods and Defendants have failed to make payments for the goods received.

4. Despite having made multiple attempts to resolve this matter, Defendants have continued to ignore and avoid Plaintiff's repeated attempts to obtain the payments.

## THE PARTIES

1

5. Plaintiff is, and at all relevant times has been, a corporation incorporated and having its principal place of business in the People's Republic of China.

6. Defendant CAION COMPANY CORPORATION ("CAION") is a New York corporation established and having its principal place of business in the State of New York with an address at 75 Marine Street, Farmingdale, NY 11735.

7. Upon information and belief, CAION is also known as and doing business as GLLUSA.

8. Plaintiff is presently unaware of the true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Defendants Does 1 through 10, inclusive, and accordingly sues said Defendants by such fictitious names.

9. Plaintiff alleges on information and belief that each of the Defendants designated herein as Does 1 through 10, inclusive, is in some manner responsible for the events and happenings referred to herein and/or that such Defendants are liable in some manner for the obligation described herein. Plaintiff will amend this complaint to set forth the true names and capacities of said Defendants when ascertained and if necessary.

10. Upon information and belief, each Defendant is, and at all relevant times has been, the agent and representative of the other Defendants; and each Defendant at all relevant times acted, and each continues to act, with the knowledge and consent of all other Defendants; and each Defendant is liable for the acts and omissions of the other Defendants.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interests and court costs. Plaintiff is a citizen of People's Republic of China. CAION is a citizen of New York.

12. This Court has personal jurisdiction over CAION because CAION was established and has its principal place of business in this district. This Court has personal jurisdiction over each Defendant because each Defendant has purposefully availed itself of the privilege of transacting business in this District.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because CAION is a resident of this judicial district of the State of New York, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted, infra, occurred in this judicial district.

## FACTUAL BACKGROUND

14. Plaintiff is a high-tech company carrying out the business of manufacturing and sale of various lighting products. The parties started to engage in series of business transactions from 2019 where Plaintiff supplied various lighting products to CAION in return for payments. The parties conducted the transactions through emails and phone calls for placing purchase order by CAION and providing proforma invoice and bill of lading by Plaintiff.

15. From September 17, 2019 to December 2, 2020, CAION placed forty-eight (48) purchase orders with Plaintiff through twelve (12) emails. Each purchase orders specified order number, order date, delivery time, product name, quantity, unit price and total price, among other terms. A true copy of the emails is attached hereto as Exhibit 1. A true copy of the purchase orders is attached hereto as Exhibit 2.

16. From September 2019 to June 2021, Plaintiff arranged for a number of shipments of the lighting products through a third-party carrier and obtained bills of lading for the shipments. The address for consignee, CAION INC., is at 75 Marine Street, Farmingdale, New York 11735, which is the principal place of business of CAION. The people to contact for delivery were Winnie and Michael.

17. After each shipment, Plaintiff sent a proforma invoice to CAION with payment instruction and payment term. There are a total number of thirty-five (35) proforma invoices and the total contract price is $453,529.38. A true copy of the proforma invoices is attached hereto as <u>Exhibit 3</u>.

19. The proforma invoices asked for payment after the receipt of goods, but Defendants never made any payment.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

22. Plaintiff realleges and incorporates by reference each and every allegation set forth in the forgoing Paragraphs as though fully set forth herein and further alleges as follows.

23. The parties, for valuable consideration, entered into forty-eight (48) valid and enforceable contracts from September 2019 to December 2020, providing for the shipments of various lighting products by Plaintiff in return for money payment by Defendants. Plaintiff fully performed its obligation under the contracts, but Defendants failed to tender payments.

24. To state a claim for breach of contract under New York law, a complaint need only allege: (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages. *Designers North Carpet, Inc. v. Mohawk Indus (E.D.N.Y. 2001), 153 F.Supp.2d 193, 197*; *see also Harsco Corp. v. Segui (2d Cir. 1996), 91 F.3d 337, 348*.

25. Under New York law, in order to prove the first element with respect to the existence of a contract, "a plaintiff must plead the provisions of the contract upon which the claim is based." *James v. Countrywide Fin. Corp. (E.D.N.Y. 2012), 849 F. Supp. 2d 296, 322*. "A plaintiff need not attach a copy of the contract to the complaint or quote the contractual provisions verbatim." *Id*. "However, the complaint must at least set forth the terms of the agreement upon which liability is predicated by express reference." *Id*.

4

26. Plaintiff has adequately proved the existence of the contracts by stating the terms of the purchase order and proforma invoice, plaintiff has also attached each of them to the complaint.

27. Plaintiff has fully performed the contractual obligations by having delivered the lighting products to CAION's business address in New York as it requested and tendered bills of lading.

28. Defendants have not made payments for the lighting products delivered by Plaintiff despite numerous requests. CAION's representative stopped responding to Plaintiff's emails.

29. Defendants' failure to tender payments caused Plaintiff damages in the amount of $453,529.38, representing the total contract price for the lighting products delivered.

## SECOND CAUSE OF ACTION

### (Account Stated)

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in the forgoing Paragraphs as though fully set forth herein and further alleges as follows.

34. Plaintiff is entitled to the payments for lighting products received by Defendants under account stated.

35. "An account stated is an agreement between parties to an account based on prior transactions between them with respect to the correctness of the account items and balance due." *Yiwu Lizhisha Access. Co., Ltd. v. Jjamz, Inc. (S.D.N.Y. 2018), 336 F. Supp. 3d 179, 183; see also Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A. (S.D.N.Y.2007), 244 F.R.D. 204, 216.* The agreement may be expressed, *see id.*, or it may be implied. *IMG Fragrance Brands, LLC v. Houbigant, Inc. (S.D.N.Y. 2009), 679 F.Supp.2d 395, 411.*

36. To prevail on a claim for account stated, a plaintiff must establish the following elements: (1) an account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay the amount stated. *IMG Fragrance Brands, 679 F.Supp.2d at 411.* "The second and third

elements (acceptance of the account as correct and a promise to pay the amount stated) may be implied if 'a party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment.'" *Id.*

37. The key element of a prima facie account stated claim is transmission of an invoice to defendants, forming the predicate for defendants' failure to object to the invoice within a reasonable time. *RPI Professional Alternatives, Inc. v. Citigroup Global Mkts. Inc. (1st Dep't 2009), 61 A.D.3d 618, 619.*

38. Plaintiff undisputedly sent to CAION thirty-five (35) proforma invoices over a period of two years. By issuing invoices, Plaintiff established an expectation that it would be paid for the lighting products delivered, and the invoices established the reasonable value of those products. Moreover, on more than one occasion, Plaintiff informed CAION of the outstanding amount owned and CAION acknowledged that it was in receipt.

38. More than two years have passed since the first invoice was issued, and Defendants never informed Plaintiff of their objection to any invoice. Therefore, Defendants accepted the account presented as correct because Defendants' lack of objection amount to acknowledgment that the amount presented was correct. *Rand Rosenzweig Smith Radley Gordon & Burstem, LLP v. Berger, 248 A.D.2d 129, 130.* ("[R]eceipt and retention of [an obligee's] accounts, without objection within a reasonable time, and agreement to pay a portion of the indebtedness, [gives] rise to an actionable account stated.")

39. Each of the proforma invoices provides for the name of the lighting products delivered and contract price. Plaintiff is entitled to recover $453,529.38 based on account stated.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, as follows:

A. For money damages against Defendants for breach of contract in the sum of no less than $453,529.38;

B. For an award to Plaintiff against Defendants for pre-judgment interest under Section 5001 of New York's Civil Practice Law and Rules;

C. For an award of post-judgment interest to Plaintiff against Defendants;

D. For an award of costs to Plaintiff against Defendants; and

E. For such other relief as this Court may deem just and equitable.

Dated: October 21, 2022

**YK LAW LLP**

By: /s/ *Faye Deng*
Faye (Yifei) Deng (Bar No. 5361381)
445 S. Figueroa St. Suite 2280
Los Angeles, CA 90071
Email: fdeng@yklaw.us
Telephone: (213) 401-0970

*Attorneys for Plaintiff Torshare Ltd.*