UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHENZHEN TORSHARE TECHNOLOGY CO., LTD.,

                                  Plaintiff,

                -against-

CAION COMPANY CORPORATION a/k/a GLLUSA; NRG TECHNOLOGIES USA INC. a/k/a GLLUSA; GENERAL LED CORP. a/k/a GLLUSA; GREEN LOGIC LED ELECTRICAL SUPPLY INC. a/k/a GLLUSA; and DOES 1-10,

                                Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-cv-6418 (JMA)(LGD)

FILED
CLERK
8/19/2025 1:22 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Currently pending before the Court is a motion for default judgment filed by Plaintiff Shenzhen Torshare Technology Co. Ltd. against defendants Caion Company Corporation, NRG Technologies USA, Inc., General LED Corp., and Green Logic LED Electrical Supply, Inc., (collectively "Defendants"). Plaintiff alleges that Defendants are liable for breach of contract. For the reasons stated below, Plaintiff's motion for a default judgment is GRANTED and Plaintiff is awarded $907,523.70.

## I.  DISCUSSION

### A. <u>Defendants Defaulted</u>

Defendants were properly served in this action, appeared through counsel, and initially defended this action. (<u>See</u> Feb. 4, 2025 Order.) Defense counsel, however, subsequently failed to appear at two conference before Magistrate Judge Dunst. Defendants have not filed anything on the docket in this case since July 11, 2023 and have abandoned their defense of this action. At the Court's direction, the Clerk of Court docketed entry of default against Defendants on February 2,

2025. Plaintiff filed its motion for default judgment on February 18, 2025 and Defendants have not filed any response to the motion.[1]

The Court finds Defendants in default.

B. **Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law. Id.

The Court finds that the well-pleaded allegations in the Amended Complaint are sufficient establish that Defendants are liable for breach of contract.[2]

C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits

---

[1] Plaintiff's motion for default judgment was filed through three separate docket entries, (ECF Nos. 40, 41, and 42). Plaintiff erroneously docketed the notice of motion, (ECF No. 40), ex parte. The Clerk of Court is directed to remove the ex parte designation for this document. The Court notes that the two substantive documents for the motion for default judgment were properly filed and defense counsel was mailed a copy of the entire motion. Accordingly, there is no reason to delay ruling on Plaintiff's motion.

[2] Plaintiff's Amended Complaint also alleges claims for Account Stated and Unjust Enrichment. Plaintiff's motion for default judgment, however, only seeks a default judgment based on the breach of contract claim.

and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

The declaration of Hui Wang and Plaintiffs' documentary evidence establishes to, a reasonable certainty, that Defendants owe Plaintiff $907,523.70 on the breach of contract claim.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants are jointly and severally liable to Plaintiff in the amount of $907,523.70.

The Amended Complaint also names as defendants "DOES 1-10." Plaintiff has not identified these defendants and has not pursued a default judgment against them. The Court dismisses Plaintiff's claims against Does 1-10 without prejudice.

The Clerk of the Court is directed to enter judgment accordingly and close this case. Plaintiff is directed to mail a copy of this Order and the judgment to Defendants and to promptly file proof of service on ECF.

**SO ORDERED.**

Dated:  August 19, 2025
Central Islip, New York

/s/    (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE